IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LASHONDA DAVIS | : | CIVIL ACTION |
| v. | : | |
| TRANSWORLD SYSTEMS INC | : | NO. 23-1336 |

### MEMORANDUM

**Padova, J.**  October 29, 2023

Plaintiff brought this action asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p and the Fair Credit Reporting Act 15 U.S.C. §§ 1681-1681x. Defendant has asked us to dismiss this action because Plaintiff has wholly failed to respond to its discovery and to the orders of this Court. For the reasons that follow, we grant the request and dismiss this action with prejudice.

**I. BACKGROUND**

Plaintiff Lashonda Davis, who is appearing pro se, commenced this action against Defendant Transworld Systems, Inc. in Philadelphia Municipal Court on March 1, 2023. Defendant removed the case to this Court on April 6, 2023 on the basis of federal question jurisdiction. (Id.) On June 14, 2023, Defendant filed a Motion to Compel Plaintiff to respond to its first set of discovery requests. Defendant served the Motion on Plaintiff by United States mail, which it sent to the address listed on the Docket for Plaintiff. (See Docket No. 8.) On July 11, 2023, we dismissed that Motion without prejudice because it appeared that the address listed for Plaintiff on the docket was no longer correct. (See Docket No. 10.) We also ordered Plaintiff to notify the Clerk of her current address on or before July 21, 2023. (Id.) We further contacted Plaintiff directly by email, instructing her to provide the Court with her current mailing address. Plaintiff did not respond to our email or provide the Clerk's Office with an updated address.

On September 5, 2023, Defendant filed a second Motion to Compel Plaintiff to respond to its first set of discovery requests. (See Docket No. 15.) Plaintiff failed to respond to that Motion. We granted the Motion, ordered Plaintiff to respond to Defendant's discovery requests, and informed Plaintiff that if she failed to provide the Court with her current address by October 11, 2023, this action would be dismissed for failure to prosecute. (See Docket No. 17.) That Order was mailed to Plaintiff and sent to Plaintiff by email. To date, Plaintiff has wholly failed to provide an updated address to the Court, respond to Defendant's discovery requests, or otherwise communicate with the Court. In fact, Plaintiff has not taken any action in this case since she filed the Complaint in state court.

## II.  DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Unless the order states otherwise, such a dismissal operates as an adjudication on the merits. Id. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit set forth six factors district courts should consider before dismissing an action with prejudice because plaintiff "fail[ed] to meet court-imposed deadlines and other procedural requisites":

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal . . .; and (6) the *meritoriousness* of the claim or defense.

Id. at 865, 868.

"[N]o single Poulis factor is dispositive," and "not all of the Poulis factors must be satisfied in order to dismiss a complaint." Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (quotations omitted). Rather, the factors must be weighed "in order to assure that the 'extreme' sanction of

dismissal or default is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

The first Poulis factor is the non-moving Party's degree of personal responsibility. Id. at 868. Plaintiff brought this action pro se and is therefore directly responsible for failing to comply with the Court's Orders or to respond to discovery requests. See Briscoe, 538 F.3d at 258 ("[A] pro se plaintiff is personally responsible for complying with the court's orders." (citing Emerson v. Thiel Coll., 296 F.3d 184, 190-91 (3d Cir. 2002))). Moreover, even if Plaintiff did not receive service of Defendant's motions or our Orders because she failed to update her address with the Court, we cannot excuse her failure to respond because she has a responsibility to monitor her case. See Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011). We conclude that this factor weighs in favor of dismissal.

The second Poulis factor is prejudice to the moving party caused by the "failure to meet scheduling orders and respond to discovery." Poulis, 747 F.2d at 868. Plaintiff has failed to respond to Defendant's discovery requests, which caused Defendant to file two Motions to Compel. Moreover, Plaintiff has provided Defendant with no responses to its discovery requests, even though the Arbitration of this matter is presently scheduled for November 1, 2023. We conclude that the this factor weighs in favor of dismissal. See id. (holding that failure to answer discovery requests, hindering the other party's preparation and necessitating motions to compel, constitutes prejudice to the other party).

The third Poulis factor is whether there has been a history of dilatoriness by the non-moving party. Id. In this case, Plaintiff has failed to comply with two Court Orders, failed to respond to Defendant's discovery requests, and failed to comply with the Court's requests that she provide

the Court with an updated address over a period of months.  We conclude that this factor weighs in favor of dismissal.

The fourth Poulis factor concerns whether the non-movant's delinquency was willful or in bad faith. Id.  Unfortunately, we have no basis to draw conclusions as to the willfulness or bad-faith nature of Plaintiff's conduct.  We conclude that the fourth Poulis factor is therefore neutral.

The fifth Poulis factor is the effectiveness of sanctions other than dismissal. Id.  Alternative sanctions are unlikely to be effective here given Plaintiff's failure to respond to prior court orders and failure even to provide the Court with a reliable means of contacting her. See Reichle v. Cnty. of Cape May, Civ. A. No. 16-1465, 2021 WL 4219492, at *1 (D.N.J. Sept. 16, 2021) ("No alternative sanction but dismissal exists when the plaintiff cannot be located."); see also Briscoe, 538 F.3d at 262-63 ("[W]here a plaintiff is proceeding pro se . . . we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative.'" (quoting Emerson, 296 F.3d at 191)).  We conclude that this factor weighs in favor of dismissal.

The sixth Poulis factor is the meritoriousness of the claim or defense to be dismissed. Poulis, 747 F.2d at 868.  Because the above factors strongly favor dismissal, and given Plaintiff's total lack of participation in this case, we decline to analyze the meritoriousness of Plaintiff's claims, rendering the sixth Poulis factor neutral. See Miller v. Weaver Landscaping, Civ. A. No. 21-4484, 2022 WL 716769, at *3 (E.D. Pa. Mar. 10, 2022) (declining to analyze the sixth Poulis factor where the plaintiff had abandoned his claims) (citation omitted); see also Dickens v. Danberg, 700 F. App'x 116, 118 (3d Cir. 2017) (finding no abuse of discretion where the district court concluded that the sixth Poulis factor was neutral because no discovery had been conducted).

4

### III.    CONCLUSION

We have determined that four of the Poulis factors favor dismissal and two are neutral. We therefore conclude that dismissal is warranted in this case. See Miller, 2022 WL 716769, at *3 ("Simply put, there is no way for this litigation to progress without [the plaintiff's] participation."); Hoessler v. Westmoreland Cnty. Sheriff's Dep't, Civ. A. No. 21-1261, 2022 WL 2068503, at *3 (W.D. Pa. May 10, 2022), adopted 2022 WL 2067580 (W.D. Pa. June 8, 2022) ("While the Court is mindful of the strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit."). Accordingly, we grant Defendant's Motion to Dismiss this action for lack of prosecution. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.